## McCoy et al. v. Eastern Coal Corporation et al.

December 16, 1949.

Willis Staton for appellants.

Hobson & Scott for appellees.

CLAY, COMMISSIONER—Affirming.

This is a suit to recover coal royalties and other damages for an alleged trespass on the land of appellant, Thomas McCoy. He claims title by adverse possession; appellees claim title under mineral deeds. Judgment was entered for the latter.

In 1858 Phoebe McCoy executed a title bond to her brother Uriah for the tract involved. Uriah took possession of it. In 1882 Uriah permitted his son Thomas to move onto this tract and build a home. About seven years later Uriah conveyed the coal thereunder to appellees' predecessor in title. In 1944, fifty-five years later, Thomas asserts in this suit that the mineral deed was champertous and void under KRS 372.070, because at the time of its execution in 1889 he was in adverse possession of the property. He attempts to establish this claim principally by his own testimony regarding conversations he had with his father, long since deceased, concerning the conditions under which he moved onto the property. This evidence was, of course, incompetent, but even if accepted, is overcome by much stronger proof that Thomas at no time asserted any interest in this land adverse to his father.

In the first place, it appears that Thomas was present when his father executed the mineral deed; he raised no question about the conveyance at that time, and asserted no hostile claim.

Secondly, three years later Thomas was an active party in a partition suit to divide the lands of his father, who had in the meantime died intestate. The Commissioner's Deed conveying him his share specifically recited that the minerals had theretofore been sold by Uriah.

Finally, in 1917, the heirs of his Aunt Phoebe filed a suit claiming the land involved. In that action Thomas verified an answer which alleged that his father had taken actual physical possession of the tract and had continued in such possession up until the time of his death.

We believe the evidence is conclusive that Thomas claimed title through, and not against his father, and recognized the latter's right to convey the minerals lying under the tract. At no time, until the present suit, has Thomas asserted any hostile or independent right to them. He wholly failed to establish that at the time of the original conveyance to appellees' predecessor in title, or at the time of subsequent conveyances, his occupation of the tract constituted adverse possession of the coal. No champertous deed was proved, and the Chancellor properly dismissed his petition.

The judgment is affirmed.